UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Ira St. Anthony Huggins**, # 82687, | ) C/A No. 8:05-3444-TLW-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| **Charleston Police Department (Narcotics)**; | ) |
| **NFN Seiko**, Corporal; | ) |
| **NFN Costanzo**, Corporal; | ) |
| **D. Costanzo**, Corporal; | ) |
| **NFN Womack**, Officer; | ) |
| **NFN Jenkins**, Officer; and | ) |
| **P. Tharp**, Officer, | ) |
| | ) |
| Defendants. | ) |

_____

# *Background of this Case*

The plaintiff is a federal prisoner at the Charleston County Detention Center in North Charleston, South Carolina. The plaintiff has brought suit under 42 U.S.C. § 1983 against the Charleston Police Department and six (6) police officers employed by the Charleston Police Department.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of events culminating in the

1

plaintiff's conviction in United States v. Ira St. Anthony Huggins, Criminal No. 2:04-1098-PMD-1. The plaintiff alleges: (1) in 2001, the plaintiff was arrested at the police substation at Citadel Mall for distribution of crack cocaine in 2000; (2) the affidavit for the arrest warrant stated that Corporal Seiko and Corporal Costanzo witnessed the plaintiff sell crack cocaine to an informant; (3) Corporal Costanzo pressured Quincy Green to say that the plaintiff had sold him fifty dollars worth of crack cocaine; (4) "several months later" the plaintiff was arrested "at work" by Corporal Seiko and a few other officers for a parole violation; (5) the plaintiff was returned to Wisconsin; (6) after an investigation of the "controlled buy" was finished, the distribution of crack cocaine charge was dismissed and the plaintiff was allowed to return to Charleston; (7) on January 30, 2004, Corporal Seiko and Corporal Costanzo executed a search warrant of the plaintiff's residence; (8) "[t]hey left the wrong search warrant at my residence[;]" (9) the search warrant was obtained as the result of false representation made by an unreliable confidential informant and police officers; (10) there was a discrepancy between the address listed in the preliminary documents and the affidavit used to obtain the search warrant; (11) the dates on the paperwork are inconsistent; (12) there was no video or audio tape made of the alleged

purchase; (13) this "drug transaction never took place[;]" (14) the documents with inconsistencies and the police reports were not introduced at the plaintiff's federal trial; (15) the plaintiff wrote the newspaper editor to apprise the newspaper that false statements were made at the plaintiff's trial; (16) the lieutenant of the Charleston Police Narcotics Department was fired from his job for falsifying reports to obtain arrest and search warrants; (17) the plaintiff won a civil forfeiture case against the Charleston Police Department for cash and items totaling $2,457.00; (18) the plaintiff opened a "small business" in 2001, but lost the business in 2004; (19) the plaintiff has been "found guilty because of a lie by Chas Police Dept." and his civil rights have been violated; (20) the plaintiff has lost a significant amount of money; (21) the plaintiff has suffered emotional stress; (22) the plaintiff's case is on appeal in federal court; (23) the plaintiff has notified the court of his lawyer's poor level of representation; (24) two examples of the lawyer's poor performance are his failure to subpoena a key witness and his failure to investigate on the plaintiff's behalf before trial; and (25) the plaintiff "was forced to go to Trial" with the attorney.

       The first portion of the plaintiff's prayer for relief is a continuation of the plaintiff's contentions about his criminal trial in federal court. The

plaintiff seeks as relief: (1) an investigation of the facts and evidence in this case; (2) a removal of this civil rights action to another state; and (3) payment from the Charleston Police Department for violation the plaintiff's civil rights, loss of his small business, pain and suffering, and economic hardship.

Two (2) photocopies of newspaper articles from the Charleston *Post & Courier* are appended to the complaint. The first newspaper article discusses the dismissal of narcotics commander James Mackey for accepting gifts from Brent Jenkins. A notation on the newspaper article by the plaintiff indicates that Brent Jenkins was one of the plaintiff's co-defendants. The second article deals with the Charleston Police Department's alleged failure to comply with South Carolina's Freedom of Information Act. The plaintiff's notation on the second article reads as follows: "This Article Show [sic] that Chas Police officer committed perjury in federal Court." Preceding the articles is a photocopy of a handwritten note to the plaintiff from Elsa F. McDowell, the "Public Editor" of the Charleston *Post and Courier*, on police incident reports. The envelope used to mail the handwritten note is postmarked August 25, 2005.

The plaintiff has a prior criminal case in the District of South Carolina: <u>United States v. Ira St. Anthony Huggins</u>, Criminal No. 2:04-1098-PMD-1. On December 8, 2004, the Grand Jury issued a three-count indictment against the plaintiff. The plaintiff was arraigned before the undersigned magistrate judge on January 20, 2005. On the same day, the undersigned issued an order of temporary detention. On May 18, 2005, a jury trial was held before the Honorable Patrick Michael Duffy, United States District Judge, in Charleston, South Carolina. The jury returned verdicts of guilty on Counts 1, 2, and 3 (distribution of cocaine; use of a firearm during a drug trafficking crime; and and possession of a "HiPoint" nine-millimeter pistol and ammunition).

On November 10, 2005, sentencing was entered before Judge Duffy. Judge Duffy sentenced the plaintiff to one hundred thirty-seven (137) months on Count 1, one hundred twenty (120) months on Count 2 (concurrent to the sentence in Count 1), and sixty (60) months consecutive on Count 3. The total term of imprisonment is one hundred ninety-seven (197) months. The plaintiff, through counsel, on November 15, 2005, filed a Notice of Appeal on November 15, 2005. The plaintiff's pending appeal in Criminal No. 2:04-1098-PMD-1 is Fourth Circuit Docket No. 05-4620.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v.

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging matters that resulted in his conviction in Criminal No. 2:04-CR-1098-PMD-1, this case is subject to summary dismissal because a right of action has not yet accrued.  *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted).  *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert.*

*denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following Heck v. Humphrey: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

Heck v. Humphrey, supra, is applicable in both Section 1983 actions and Bivens actions.[2]  *See* Stephenson v. Reno, 28 F.3d 26, 1994

---

[2]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  "Bivens is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." Wright v. Park, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites, inter alia*, Carlson v. Green, 446 U.S. 14, 18 (1980)(restating Bivens rule).

A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.
(continued...)

9

U.S.App. LEXIS® 21164 (5th Cir.1994); Best v. Kelly, 309 U.S.App.D.C. 51, 39 F.3d 328, 330, 1994 U.S.App. LEXIS® 28423 (D.C.Cir. 1994); Williams v. Hill, 878 F. Supp. 269, 1995 U.S. Dist. LEXIS® 2979 (D.D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his Bivens action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339, 1996 U.S.App. LEXIS® 1554 (D.C.Cir. 1996); and Zolicoffer v. FBI, 884 F. Supp. 173, 1995 U.S.Dist. LEXIS® 5973 (M.D.Pa. 1995).  *See also* Parris v. United States, 45 F.3d 383, 1995 U.S.App. LEXIS® 875 (10th Cir.)(Heck v. Humphrey applicable to suits brought under the Federal Tort Claims Act), *cert. denied*,

---

(...continued)
*See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982).  Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983.  In other words, case law involving § 1983 claims is applicable in Bivens actions and *vice versa*.  *See*  Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970, 1994 U.S. LEXIS® 4274 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the Bivens remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and Bivens).

514 U.S. 1120, 131 L.Ed.2d 871, 115 S. Ct. 1984, 1995 U.S. LEXIS® 3416 (1995); and <u>Williams v. Hill</u>, <u>supra</u> (<u>Heck v. Humphrey</u> applicable to civil "RICO" action filed by a federal prisoner against federal prosecutors and other officials).  Hence, <u>Heck v. Humphrey</u> precludes a constitutional challenge to the criminal proceedings in <u>United States v. Ira St. Anthony Huggins</u>, Criminal No. 2:04-1098-PMD-1.  As a result, the defendants are also subject to summary dismissal under <u>Heck v. Humphrey</u> even though the defendants are local employees, not federal employees.

In this civil rights action, this court may take judicial notice of Criminal No. 2:04-1098-PMD-1 in determining that the criminal proceedings have not been terminated in the plaintiff's favor.  <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also* <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); <u>Mann v. Peoples First National Bank & Trust Co.</u>, 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling

Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

      The plaintiff cannot have his federal convictions vacated in this civil rights action. Myers v. Pauling, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995)("Release from prison is not a remedy available under 42 U.S.C. § 1983."). *See also* Edwards v. Balisok, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

      The plaintiff does not have standing to seek an investigation or criminal charges against the defendants. *See* Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); Diamond v. Charles, 476 U.S. 54, 64-65 (1986)(*applying* Linda R.S. v. Richard D. and collecting cases); Doyle v. Oklahoma State Bar Ass'n, 998 F.2d 1559, 1566-1567, 1993 U.S. App. LEXIS® 18064 (10th Cir. 1993); Lane v. Correll, 434 F.2d 598, 600 (5th Cir. 1970); Nader v. Saxbe, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C.Cir. 1974)(n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and United

States v. Passman, 465 F. Supp. 736, 741 & n. 13 (W.D.La. 1979)("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *Cf.* Neitzke v. Williams, supra (although district courts should not blur the distinction between the standards applicable to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted and a dismissal under 28 U.S.C. § 1915 because a claim is frivolous, a patently insubstantial complaint may be dismissed). *See also* Collins v. Palczewski, 841 F. Supp. 333, 340, 1993 U.S.Dist. LEXIS® 18960 (D.Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). *Cf.* Community for Creative Non-Violence v. Pierce, 252 U.S.App.D.C. 37, 786 F.2d 1199, 1201-1202 (D.C.Cir. 1986)(denying motion to disqualify Office of the United States Attorney). Furthermore, since the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, the plaintiff lacks standing to raise such a claim. Linda R.S. v. Richard D., supra, 410 U.S. at 619.

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715  (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

I also recommend that this case be deemed to be a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  See 28 U.S.C. § 1915(e)(2) and (g).  These provisions require an inmate to pay the filing fee for his or her case in advance after he or she has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury." Id.  As discussed above under Heck v. Humphrey, supra, a prisoner must show that his or her conviction or sentence has been reversed or vacated before he or she can recover in tort for the unlawful conviction or sentence.  Where, as here, the plaintiff's three convictions in Criminal No. 2:04-CR-1098-PMD-1 have not been overturned, the inmate's constitutional tort action under § 1983 must be dismissed. Several courts have held that a dismissal under Heck constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g).  *See* Sandles v. Randa, 945 F. Supp. 169, 1996 U.S.Dist. LEXIS® 17810  (E.D. Wis. 1996); Sanders v. DeTella, 1997 U.S.Dist. LEXIS® 2838, 1997 WESTLAW® 126866 (N.D.Ill., March 13, 1997)(unpublished); and Grant v. Sotelo, 1998 U.S.Dist. LEXIS® 16798, 1998 WESTLAW® 740826  (N.D.Tex., October 19, 1998)(unpublished).[3] *See also* Adepegba v. Hammons, 103 F.3d 383, 384, 1996 U.S.App. LEXIS® 33974 (5th Cir. 1996)(noting that district court dismissed a claim as frivolous under Heck and declining to address the propriety of the district court's dismissal because plaintiff had not exhausted his appeal) and *cf.* Okoro v. Bohman, 164 F.3d 1059, 1061-1064, 1999 U.S.App. LEXIS®

---

[3]In Grant, the court recognized that "the question may be raised whether a cause dismissed pursuant to Heck considerations should be considered for purposes of computing the three strikes..." but followed the decisions of Sandles and Sanders.

15

185 (7th Cir. 1999). Thus, the undersigned concludes that this action is frivolous under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a "strike" under this statute. The plaintiff's attention is directed to the Notice on the next page.

                                              Respectfully submitted,


December 19, 2005                  S/Bruce Howe Hendricks
Greenville, South Carolina      United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
# The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
